UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SLAVOMIR BORKOWSKI,

      Plaintiff,

v

NISSAN NORTH AMERICA, INC.,
a California corporation

      Defendant.

Case No.
Hon:

James K. Fett (P39461)
Fett & Fields, P.C.
407 N. Main St., 2nd Floor
Ann Arbor, MI 48104
734-954-0100
Fax: 734-954-0762
jim@fettlaw.com
Attorneys for Plaintiff

# PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff SLAVOMIR BORKOWSKI, through his counsel, Fett & Fields,

P.C., states the following claims against Defendant:

## NATURE OF CLAIM

1.     This is a diversity action brought for age discrimination in violation the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), *MCL § 37.2101 et. seq*.

## JURISDICTION AND PARTIES

2.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

3.     The events giving rise to this cause of action occurred in the Eastern District of Michigan.

4.     The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

5.     Plaintiff Slavomir Borkowski ("Plaintiff") is a former Senior Project Engineer at Nissan North America, Inc., and is a resident of Oakland County, Michigan.

6.     Defendant Nissan North America, Inc., ("Defendant") is a California corporation with its principal place of business in Tennessee.

## FACTS

7.     Plaintiff is a 60-year-old male.

8.     Plaintiff began his employment with Nissan in December of 1999 at the Nissan Technical Center North America in Farmington Hills, Michigan.

9. Plaintiff was soon thereafter promoted to the position of Senior Project Engineer, a position which he held until his termination.

10. For over twenty-three years, Plaintiff was an exemplary employee and received excellent performance reviews.

11. In Spring of 2022, a new Senior Manager of Engineering, Yasuro Hirooka ("Hirooka"), was brought in from Japan.

12. Hirooka essentially became Plaintiff's direct supervisor.

13. In Japan, mandatory retirement at the age of 60 or younger is a common practice.

14. Indeed, Defendant Nissan itself engages in a pattern or practice of discriminating against employees based on age.

15. Pursuant to this pattern and practice, Hirooka began creating conflict with Plaintiff in an attempt to falsely justify Plaintiff's termination.

16. Hirooka would often berate Plaintiff and make statements that he was not qualified for the job despite Plaintiff having been successful in the position for over two decades.

17. In June of 2023, Hirooka placed Plaintiff on a Performance Improvement Plan ("PIP").

18. The PIP was based on fabricated issues and designed to lay the groundwork to terminate Plaintiff.

19. When presented with the PIP, Plaintiff contested several of the fabricated issues and added comment to the initial document.

20. In addition to the fabricated issues, Hirooka's requirements were also intentionally burdensome and designed to justify Plaintiff's termination rather than improve performance.

21. Nevertheless, Plaintiff regularly stayed hours after work to meet Hirooka's demands.

22. During this time, Plaintiff had bi-weekly meetings with Hirooka, a Human Resource ("HR") Representative, and a lower-level manager, Mike Kowaczyk ("Kowaczyk").

23. Hirooka was the only person other than Plaintiff situated to evaluate Plaintiff's work performance.

24. Therefore, Plaintiff's performance under the PIP was entirely based on Hirooka's evaluation.

25. During these bi-weekly meetings, Hirooka criticized Plaintiff's work with the aid of a spreadsheet.

26. Neither Plaintiff, nor anyone else, was provided with these spreadsheets before or after the meetings.

27. The spreadsheets contained allegations that were false and were used as the basis to rate Plaintiff's performance as below expectations.

28. Plaintiff was not afforded the ability to respond to these false allegations in writing.

29. Rather, Hirooka forced Plaintiff to respond verbally, without any preparation or supporting documentation.

30. Hirooka refused to alter Plaintiff's performance evaluations when confronted with documentation proving his allegations to be false.

31. The false allegations and poor performance evaluations continued until August of 2023, when Defendant terminated Plaintiff.

32. Defendant thereafter replaced Plaintiff with a substantially younger employee.

**COUNT I**
**AGE DISCRIMINATION**
**(MCL § 37.2202)**

33. Plaintiff incorporates by reference the preceding paragraphs.

34. Plaintiff is 60-years-old.

35. Plaintiff was at all times a high performing employee.

36. Defendant terminated Plaintiff.

37. Defendant terminated Plaintiff because of his age.

38. As a proximate result of Defendant's unlawful conduct against Plaintiff as described above, Plaintiff has sustained, and will continue to sustain, injuries, and damages, including but not limited to, loss of earnings and earning capacity; loss of

career opportunity; humiliation, outrage, embarrassment, mental and emotional distress and the physical manifestations of those injuries.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant providing for:

    a. Economic damages;

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation he has suffered, and continues to suffer, as a result of Defendant's illegal actions;

    c. Costs, interest and reasonable attorney fees as provided by MCL § 37.8202;

    e. Exemplary damages; and

    f. Such other equitable relief as the Court deems just.

                    Respectfully submitted,

                    */s/ James K. Fett*
                    By:  James K. Fett (P39461)
                    Fett & Fields, P.C.
                    407 North Main Street, 2nd Floor
                    Ann Arbor, MI 48104
                    jim@fettlaw.com
Dated:  April 9, 2024         Attorney for Plaintiff

## **JURY DEMAND**

NOW COMES Plaintiff Slavomir Borkowski, through his counsel Fett & Fields, P.C., and hereby demands trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ James K. Fett*
By:  James K. Fett (P39461)
Fett & Fields, P.C.
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
jim@fettlaw.com
Dated:  April 9, 2024                    Attorney for Plaintiff

7